IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ONE 2010 TOYOTA | : | 1:11-MC-238 |
| TACOMA TITLE # 68106243901SY | : | |
| VIN # 5TEUU4ENXAZ719355 | : | Hon. John E. Jones III |

## MEMORANDUM

### November 1, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is a Motion for Return of Property ("Motion")

filed by Petitioners Mark A. Sykes and Kimberly J. Sykes ("Petitioners") pursuant

to Fed. R. Crim. P. 41(g). (Doc. 1). For the following reasons, we will deny the

Motion and close this case.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 16, 2011, the Drug Enforcement Administration ("DEA"), in

conjunction with the Cumberland County Drug Task Force, seized a Toyota

Tacoma jointly owned by Petitioners. (*Id*. ¶ 2, 4). The seizure was performed

pursuant to 21 U.S.C. 881(a)(4) after Kimberly Sykes admitted to investigators that

she and Mark Sykes used the vehicle to transport illegal narcotics and conduct drug

transactions. (Doc. 10, Ex. A). The DEA then initiated administrative forfeiture

proceedings on July 21, 2011 and notified Petitioners of their right to contest the

forfeiture via certified mail on July 23, 2011. (Doc. 8, Ex. 1). Petitioners filed

claims with the DEA challenging the seizure on August 3, 2011. (Doc. 10, Ex. B).

However, because Petitioners did not personally sign the claims, the DEA returned

the claims as deficient and extended the filing deadline to afford Petitioners an

opportunity to correct the deficiency. (*Id.,* Ex. C). Petitioners timely corrected their

claims, and, on September 12, 2011, the DEA referred the matter to the United

States Attorney for initiation of judicial forfeiture proceedings. (*Id.,* Ex. E).  A

judicial forfeiture proceeding was filed on October 21, 2011 and docketed at 1:11-

cv-1959 (M.D. Pa).

Prior to availing themselves of their legal remedies contesting the forfeiture,

Petitioners filed the present Motion on July 26, 2011. (Doc. 1). Petitioners assert

that the seizure was made without a warrant or court order, and the government

lacks probable cause to believe the vehicle was subject to forfeiture. (*Id.* ¶ 3, 8).

Petitioners further assert that neither of them has been arrested on any criminal

charge, and civil forfeiture proceedings have not been initiated. (*Id.* ¶ 7).

The Government disputes both assertions and counters that the DEA did

have probable cause to believe that the vehicle was subject to forfeiture as a

conveyance, and that administrative forfeiture proceedings were timely initiated.

(Doc. 8). The Government further argues that because the administrative forfeiture

proceedings have already begun, we lack subject matter jurisdiction over the pending Motion and that Petitioners may not seek the return of property in equity but must follow the legal procedures set forth in the notice of seizure and within 18 U.S.C. § 983.

## II.   DISCUSSION

21 U.S.C. § 881(a)(4) provides for the civil forfeiture of "[a]ll conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9)." 21 U.S.C. § 881(a)(4). When the seized property has a value of $500,000 or less, the government may use the administrative forfeiture process which entails no judicial involvement. *United States v. McGlory*, 202 F.3d 664, 669 (3d Cir. 2000) (citing 19 U.S.C. § 1607 and 21 U.S.C. § 881(d)). "The government is required to publish notice of its intent to forfeit the property once a week for three weeks and to send written notice to any party known to have an interest in the property." *Id.* at 669-70 (citing 19 U.S.C. § 1607(a)).

Once notice has been disseminated, the property owner may obtain relief in one of two ways. *Menkarell v. Bureau of Narcotics*, 463 F.2d 88, 93 (3d Cir. 1972). The first option, which does not apply here, is to file a petition for

mitigation in which the petitioner admits the validity of the seizure but requests relief due to mitigating circumstances. *Id.* The second option is to contest the forfeiture through administrative proceedings by filing a claim with the administrative agency. *Id.* If the property owner fails to file a timely claim, the administrative agency shall declare the property forfeited, and title to the property shall vest in the United States. *See* 19 U.S.C. § 1609. *See also Menkarell*, 463 F.2d at 93; *McGlory*, 202 F.3d at 670. If, however, the owner does file a valid claim, the administrative process halts, and the seizing agency must turn the matter over to the United States Attorney to commence a judicial forfeiture proceeding. *See* 19 U.S.C. § 1608; *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000). The government then has ninety days in which to initiate a judicial forfeiture proceeding in the District Court or return the property to the claimant. 18 U.S.C. § 983(a)(3)(A).

In the instant case, the vehicle was seized administratively following an interview with Kimberly Sykes in which she admitted that the vehicle was used in narcotics trafficking. Although the Motion states that forfeiture proceedings have not been initiated, the notices and certified mail receipts supplied by the government reveal that the DEA in fact initiated administrative forfeiture proceedings on July 21, 2011, and Petitioners received actual notice of these

proceedings on July 23, 2011. The notices properly informed Petitioners of their right to contest the forfeiture, and, on August 3, 2011, Petitioners timely filed claims with the DEA attempting to avail themselves of this administrative remedy. As noted, because the claims were not personally signed by Petitioners, the DEA returned the claims as deficient but afforded Petitioners an opportunity to correct the deficiency. The submissions provided by the government reveal that Petitioners timely amended their claims on August 25, 2011, and the DEA directed the United States Attorney's Office to initiate judicial forfeiture proceedings pursuant to 18 U.S.C. § 983(a)(3)(A).  Again, and as noted above, the Government filed a judicial forfeiture proceeding on October 21, 2011.

Despite their continued pursuit of relief through the administrative and judicial process established by Congress, Petitioners bring the present Motion pursuant to Rule 41(g) which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g);  Rule 41(g) is "a crystallization of a principle of equity jurisdiction." *In re Harper*, 835 F.2d 1273, 1274-75 (8th Cir. 1988).  However,

exercise of such jurisdiction is inappropriate where petitioners have an adequate remedy at law. *See United States v. Elias*, 921 F.2d 870, 885 (9th Cir. 1990) ("The District Court did not err in declining to exercise its equitable jurisdiction in this matter because [the petitioner] had an adequate remedy at law to attack the legality of the administrative forfeiture proceedings."). "The overwhelming weight of authority supports the position that a federal court lacks subject matter jurisdiction to review the merits of administrative forfeiture once the administrative process has begun." *One 1987 Jeep Wrangler Auto., Vin No. 2BCCL8132HBS12835*, 972 F.2d 472, 479 (2d Cir. 1992). *See also In re Harper*, 835 F.2d at 1274-75; *United States v. Price*, 914 F.2d 1507, 1511 (D.C. Cir. 1990); *United States v. Hernandez*, 911 F.2d 981, 983 (5th Cir. 1990); *United States v. Castro*, 883 F.2d 1018, 1019-20 (11th Cir. 1989); *United States v. $ 83,310.78 in United States Currency*, 851 F.2d 1231, 1235 (9th Cir. 1988). Petitioners do, indeed, have a remedy at law. Accordingly, we decline to exercise jurisdiction under Rule 41(g) and conclude that Petitioners must challenge the seizure through the ongoing forfeiture proceedings. We shall therefore deny Petitioners' Motion and an appropriate Order shall follow.